## In the Matter of Carl LEIBOWITZ.
### No. 1081S308.

Supreme Court of Indiana.

July 26, 1982.

Carl Leibowitz, pro se.

Sheldon A. Breskow, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and Carl Leibowitz, Respondent herein, have submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has also submitted his affidavit as required by Admission and Discipline Rule 23, Section 17(a). Upon examination of the matters which have been submitted, this Court now finds that the agreement of the parties should be accepted and approved.

Accordingly, this Court finds that the Respondent is a member of the Bar of this State who does not currently practice law. This Court finds further that the Respondent had represented Patricia J. Van Goey in a dissolution of marriage action wherein she received a substantial property settlement. Upon Respondent's request, Van Goey loaned Respondent ten thousand dollars ($10,000), which debt was evidenced by a promissory note dated December 20, 1978. Thereafter, Van Goey loaned Respondent an additional fifteen thousand dollars ($15,000), which was evidenced by a second promissory note. Each note was due and payable within 180 days of its execution. The Respondent failed to timely pay the notes. He presented Van Goey with checks representing partial payment, but the checks were not honored because of insufficient funds. The loan has since been paid. By this conduct, the Respondent entered into a prohibited business relationship with a client and thereby violated Disciplinary Rule 5–104(A) of the *Code of Professional Responsibility for Attorneys at Law.*

About March 3, 1978, the Respondent was retained as attorney for the estate of Ruby Whiteman. At the time, Respondent was associated with attorney Bruce Stewart in the firm of Leibowitz and Stewart. This firm filed the petition for probate on April 20, 1978. On December 21, 1979, the Indiana Inheritance Tax Schedules were filed. That was the last action taken in the estate until a grievance was filed in May, 1980, with the Disciplinary Commission. The estate has since been closed by another attorney who was hired and paid by the Respondent. By his action in this estate, the Respondent neglected a legal matter entrusted to him and thereby violated Disciplinary Rule 6–101(A)(3).

Relative to Count III, this Court finds that the Respondent was retained to handle the estate of Marie Gilson. On January 20, 1976, Respondent filed a petition for probate. More than a year later, on March 7, 1977, the Respondent filed an inventory and appraisement of property on behalf of the administrator of the estate. The Respondent failed to determine and pay the inheritance tax due upon the estate within eighteen (18) months of the date of death. On September 6, 1977, the Respondent filed a Petition for Reduction of interest assessed for the late filing, which petition was granted. Thereafter, the Respondent filed a petition on September 20, 1978, requesting to sell certain securities. He made partial distribution of the estate on September 28, 1978, but has not yet made final distribution. He is currently in the process of turning the estate over to new counsel to have the estate closed. Respondent's actions in this instance constitute neglect of a legal matter which prejudiced and damaged his client. Such conduct is in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(3). Respondent's conduct, taken in toto, is prejudicial to the administration of justice and is violative of Disciplinary Rule 1–102(A)(5).

The misconduct in this case, as presented to this Court through the tendered agreement, demonstrates a pattern of professional behavior contrary to acceptable standards of performance. It appears that Respondent has failed to understand the nature of the fiduciary relationship between an attorney and his client.

A person seeking legal assistance is entitled to expect a diligent effort by his attorney and is entitled to be shielded from self-serving conduct of his attorney. In the present cause, Respondent, armed with knowledge gained through a professional relationship, employed his understanding of

his client's financial status to the Respondent's benefit. The evidence also establishes several instances where Respondent failed to timely accomplish professional tasks. It is the combination of these acts which convinces this Court that Respondent does not have an appreciation of his fiduciary obligations.

Accordingly, we find that the agreed discipline should be approved. Therefore, it is hereby ordered that the Respondent be and hereby is suspended from the practice of law for a period of two years beginning August 16, 1982.

Costs of these proceedings are assessed against the Respondent.