**In the Matter of Marvin K. HORINE.**

No. 85S00–9504–DI–416.

Supreme Court of Indiana.

Feb. 16, 1996.

Marvin K. Horine, Pro Se.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

On April 6, 1995, the Disciplinary Commission charged the respondent, Marvin K. Horine, an attorney admitted to practice in this state in 1976, with entering into a business transaction with a client in violation of Rules 1.7(a) and 1.8(a) of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the parties have submitted for our approval a *Statement of Circumstances and Conditional Agreement for Discipline.* We approve the agreement, which requires that the respondent be publicly reprimanded for the misconduct which occurred.

The parties agree that from October, 1992, until March 4, 1993, the respondent represented a client during the client's bankruptcy proceedings. During the course of the representation, the respondent and the client entered a contract pursuant to which the

client agreed to purchase a 1983 Oldsmobile automobile in the respondent's possession. At the time of the contract, the respondent was leasing the Oldsmobile from another client who had authorized the respondent to sign the sales contract on his behalf. During the course of the sale negotiations, the respondent never advised the client purchasing the vehicle that the respondent was negotiating the contract on behalf of another client, nor did he advise the purchasing client to seek independent counsel regarding the contract. Further, the respondent never informed the client purchasing the vehicle of a potential conflict of interest and failed to obtain his written consent concerning the conflicting interests attendant to the transaction.

The Commission charged the respondent with violating Ind.Professional Conduct Rule 1.7(a), which provides:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

Also charged is violation of Prof.Cond.R. 1.8(a), which provides:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

■ We find that the agreed facts establish that the respondent violated Prof. Cond.R. 1.7(a) by negotiating the sale of a client's automobile to another client without obtaining the consent of the purchasing client for the adverse representation. It is clear that the interests of the respondent's clients, *vis a vis* the vehicle sale agreement, were "directly adverse," since they almost certainly maintained competing economic positions during negotiations. The respondent's duties and loyalties to each client during bargaining threatened impingement of his ability to provide the best possible representation to either. In that the respondent did not obtain the requisite consent of each client, we need make no determination as to the respondent's satisfaction of subsection (1) of Prof.Cond.R. 1.7(a).

■ The sale of the Oldsmobile to his client was a "business transaction" subject to the requirements of Prof.Cond.R. 1.8(a). We find that the respondent violated Prof. Cond.R. 1.8(a) by negotiating and entering the contract for purchase of the Oldsmobile with his client without having fully disclosed all aspects of the transaction and transmitting them in writing to the client, without informing the client to seek the advice of independent counsel, and without obtaining the client's written consent to the arrangement.

■ The parties agree that a public reprimand adequately addresses the respondent's misconduct. We accept the agreed discipline. The *Rules of Professional Conduct* place restrictions on business transactions between lawyers and their clients based on an assumption that the lawyer in such dealings will generally possess, for various reasons, an unfair advantage in bargaining position.[1] However, there is nothing in the

---

1. For examples of the bases of the lawyer's unfair advantage in such situations, *see In re Leibowitz* (1982), Ind., 437 N.E.2d 973, 974, 975 ("[r]espondent, armed with knowledge gained through a professional relationship, employed his understanding of his client's financial status to [his] benefit."); *In re Watson* (1985), Ind., 482 N.E.2d 262 (lawyer used knowledge of client's financial situation to secure favorable personal loan). *See also* G. Hazard and W. Hodes, *The Law of Lawyering*, Section 1.8:201 (2d Ed.1990) (stating that in a business transaction between lawyer and client, it is generally the lawyer who drafts the agreement, and noting that the lawyer

agreed facts in the present case clearly indicating that the respondent unfairly took advantage of his superior bargaining position or that the client suffered any significant harm due to the respondent's transgression. For these reasons, we accept the agreed sanction.

It is, therefore, ordered that the respondent, Marvin K. Horine, is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against the respondent.

---

may be aware of special risks or opportunities "as a result of his familiarity with the legal context of the transaction.")